Freddy FOLKES, Plaintiff,

v.

Michael W. HALEY, et al., Defendants.

No. CIV.A. 99–D–385–N.

United States District Court,
M.D. Alabama,
Northern Division.

May 28, 1999.

Jimmy L. DeBardelaben, Montgomery, AL, for Plaintiff.

Andrew W. Redd. Dept. of Corrections, Montgomery, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are Defendants' Motion To Transfer Venue ("Mot.") and Brief In Support Of Motion To Transfer Venue ("Defs.' Br."), filed on May 10, 1999. On May 24, 1999, Plaintiff filed his Response And Opposition To Defendants' Motion To Transfer Venue ("Pl.'s Resp."). After a

thorough review of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendants' Motion To Transfer Venue is due to be granted and that this cause is due to be transferred to the United States District Court for the Southern District of Alabama.

### FACTUAL BACKGROUND

Plaintiff, employed as a Correctional Officer with the Alabama Department of Corrections ("Department"), initiated the above-styled action on April 16, 1999 by filing a Complaint in this court, pursuant to 42 U.S.C. §§ 1981 and 1983. In his Complaint, Plaintiff alleges that Defendants Michael W. Haley ("Commissioner Haley"), the Commissioner of the Department, Willie B. Johnson ("Warden Johnson"), the Warden at Fountain Correctional Facility ("Fountain"), and McArthur Davis ("Officer Davis"), an Investigative Service Officer with the Department, violated Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution by depriving him of his right to free speech and political association and of his property interest in his merit system position with the Department.

According to Plaintiff, Defendants conspired to punish him because of his role as President of the Alabama Police Benevolent Association, Inc. ("Alabama PBA"), which included such responsibilities as meeting with Defendant Warden Johnson to discuss potential disciplinary action against Alabama PBA members. Specifically, Plaintiff alleges that Defendants entrapped him by mailing a package on April 18, 1997 to Plaintiff's home address, the contents of which were intended to be delivered to an inmate at Fountain, and by thereafter accusing Plaintiff of accepting a package for an inmate in violation of his duties as a Correctional Officer.

On or about May 12, 1997, Defendant Warden Johnson held a Pre–Dismissal Conference on the status of Plaintiff, based upon the allegation that Plaintiff received a package for an inmate, after which Con-ference Defendant Warden Johnson recommended that Plaintiff be terminated from his merit system position. By letter dated May 22, 1997, then-Commissioner Joe S. Hopper dismissed Plaintiff from employment with the Department.

Plaintiff appealed his dismissal to the State Personnel Board and a hearing was held before an Administrative Law Judge in Atmore, Alabama on July 22, 1997. On August 27, 1997, said judge recommended that the dismissal be sustained. Plaintiff then filed exceptions to said recommendation, and on September 23, 1997, the State Personnel Board found the evidence to be insufficient to support the charge and ordered that Plaintiff be reinstated to his position with the Department with restoration of all back pay and benefits. On October 2, 1997, Plaintiff received a telephone call by the Department's Personnel Office informing him to report to work the following day.

### DISCUSSION

■ Defendants move to transfer venue of this case to the United States District Court for the Southern District of Alabama, offering the following reasons in support of their Motion: (1) "[t]he challenged practices surrounding actions [were] taken at Fountain Correctional Facility in Escambia County, Alabama, which is within the jurisdictional and geographic limits of the Southern District of Alabama;" (2) "[a]side from Defendant Haley, Plaintiff Freddy Folkes and Defendants Johnson and Davis, maintain their residence and are employed in the judicial district of the Southern District of Alabama;" (3) "[t]he greater number of witnesses who may be called to testify at any hearing scheduled regarding this claim are located in the Southern District of Alabama, and would be within a short distance of the United States District Court in Mobile;" (4) "[t]he institutional records and policies would be located at Fountain Correctional Facility located in the Southern District of Alabama;" (5) "venue of this cause is proper in the Southern District of Alabama under 28 U.S.C. [§ ] 1391(b)(2) as

a 'substantial part of the events or omissions giving rise to the claim occurred' in this judicial district;" and (6) "venue in the Southern District of Alabama would result in judicial economy and convenience to the majority of parties and witnesses." (Mot. ¶¶ 1–6.)

Defendants concede that, "[h]aving named Commissioner Michael Haley, in his official capacity in this action, under 28 U.S.C. [§ ] 1391(b)(1), venue in the Middle District of Alabama would be proper." (Defs.' Br. at 1.) Defendants argue, however, that "this action could have properly been filed in the United States District Court for the Southern District of Alabama." (*Id.*) Defendants also argue that the public has an interest in this case being adjudicated in the Southern District of Alabama because, inter alia, "[t]here is a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Plaintiff opposes the transfer of this case to the Southern District of Alabama, contending that "deference should be given to his choice of forum." (Pl.'s Resp. ¶ 1.) Plaintiff offers the following reasons in opposition to Defendants' Motion: (1) "[t]he decision giving rise to the present action occurred in Montgomery County, Alabama;" (2) "Defendant, Michael Haley, is the Commissioner of the Alabama Department of Corrections" and his "official address is Montgomery County, Alabama;" (3) "[t]he Alabama Department of Corrections' principal place of business and central headquarters is located ... [in] Montgomery, Alabama;" (4) "[t]he Alabama Department of Corrections' central records is located in Montgomery County, Alabama;" and (5) "[a] lawsuit against a state official may be maintained in the County of his official residence." (*Id.* ¶¶ 2–6.) As discussed below, the court finds that this case is due to be transferred to the Southern District of Alabama.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Generally, "when the plaintiff's chosen venue is proper, the defendant has the burden of demonstrating that the action should be transferred in the interests of convenience and justice." *Sizemore v. Able Body Temporary Serv.,* 981 F.Supp. 1451, 1453 (M.D.Ala.1997) (citing *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989)). "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Johnston v. Foster–Wheeler Constructors, Inc.,* 158 F.R.D. 496, 503 (M.D.Ala.1994). Title 28 U.S.C. § 1404(a), which addresses change of venue, "provides for transfer to a more convenient forum, but not to one which is likely to prove equally convenient or inconvenient." *Id.* at 503 (citation omitted). That is, "[i]f the transfer would 'merely shift the inconvenience from one party to the other,' or if the balance of all factors is but slightly in favor of the movant, the plaintiff's choice of venue should be given deference." *Id.* (citation omitted).

Further, a "court faced with a motion to transfer must engage in 'an individualized case-by-case consideration of convenience and fairness.'" *Hutchens v. Bill Heard Chevrolet, Co.,* 928 F.Supp. 1089, 1090 (M.D.Ala.1996) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964))). "A district court may properly transfer a case to 'the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most easy, expeditious and inexpensive.'" *Hutchens,* 928 F.Supp. at 1090 (quoting *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir.1981)[1] (quoting *Gilbert,* 330

---

**1.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute    binding authority in the Eleventh Circuit. *See*

U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055)). The residence of the majority of material principal witnesses is an important factor to consider when passing on a motion to transfer under § 1404(a). *See Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D.Ala.1998); *see also Merritt v. Jay Pontiac–GMC Truck, Inc.*, 952 F.Supp. 754, 756 (M.D.Ala.1996); *Hutchens*, 928 F.Supp. at 1091; *Insuracorp, Inc. v. American Fidelity Assur. Co.*, 914 F.Supp. 504, 506 (M.D.Ala.1996).

■ In determining the propriety of transferring venue in a case, the court must first determine whether the action could originally have been brought in the proposed transferee district court. *See Johnston*, 158 F.R.D. at 504. Here, because Defendants Warden Johnson and Officer Davis reside in the Southern District of Alabama, *see* 28 U.S.C. § 1391(b)(1), and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at the Fountain Correctional Facility, located in the Southern District of Alabama, *see* 28 U.S.C. § 1391(b)(2), the court finds that this case originally could have been filed in the Southern District of Alabama, the transferee venue.

Second, "the court must decide whether the balance of convenience favors transfer." *Johnston*, 158 F.R.D. at 504. The following factors are to be assessed in making such a determination:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;...and all other practical problems that make trial of a case easy, expeditious, and inexpensive....The court will weigh relative advantages and obstacles to fair trial.

*Gilbert*, 330 U.S. at 508, 67 S.Ct. 839. Additionally, the court may also consider "where the operative facts underlying the cause of action transpired." *Johnston*, 158 F.R.D. at 504.

In applying the law to the facts and allegations in the instant case, the court finds that Defendants have satisfied their burden of demonstrating that this action should be transferred to the Southern District of Alabama for "the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). First, the court finds that the great majority of the material principal witnesses are likely to be located in the Southern District of Alabama. Second, the court finds that the challenged practices giving rise to this lawsuit occurred in the Southern District of Alabama. Third, the court finds adjudication of this case in the Southern District of Alabama to be conducive to ease of access to sources of proof, many of which may be located at Fountain. Fourth, Plaintiff and Defendants Warden Johnson and Officer Davis live in the Southern District of Alabama.

Finally, the court finds Plaintiff's arguments that Defendant Commissioner Haley, the central headquarters for the Department, and central records are located in Montgomery in this district to be of little moment. The court notes that Commissioner Haley was not the Commissioner at the time the events which constitute the basis for this action occurred and, therefore, finds his location to be of little importance. The court also notes that, while some records relevant to this case may be maintained in Montgomery, most pertinent records are likely to be maintained at Fountain, in the Southern District of Alabama. Further, the court notes that any documents which are located in Montgomery and relevant to this lawsuit can easily be obtained for use during the pendency of this case in the Southern District of Alabama.

Therefore, the court finds that transfer of this case will promote the most efficient, expeditious, and inexpensive utilization of judicial resources. Accordingly, this case is due to be transferred to the Southern District of Alabama.

*Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**1156**

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendants' Motion To Transfer Venue be and the same is hereby GRANTED and that this case be and the same is hereby TRANSFERRED, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Alabama. The Clerk of Court is DIRECTED to take all necessary steps to effectuate said transfer.