Christopher M. HOLMES, as legal representative of Deborah Caldwell Moore, Plaintiff,

v.

FREIGHTLINER, LLC, et al., Defendants.

No. CIV.A. 01–A–1534–E.

United States District Court, M.D. Alabama, Eastern Division.

Nov. 20, 2002.

David M. Wilson, Jonathan L. Berryhill, Wilson & Berryhill, PC, Birmingham, AL, for Alabama Truckers Ass'n Self Insurers Fund.

John D. Herndon, Eugene D. Martenson, Huie, Fernambucq & Stewart, Birmingham, AL, for Freightliner, LLC.

C. Winston Sheehan, Jr., Ball, Ball, Matthews & Novak, P.A., Montgomery, AL, for Rollins Leasing Corp.

Charles K. Reed, F. Faison Middleton, IV, Long, Aldridge & Norman, Atlanta, GA, for Arvinmeritor Inc., Renske Truck Leasing Co., L.P., Penske Truck Leasing Corp.

David R. Reed, Mai Lin Petrine Noffke, Lord, Bissell & Brook, Chicago, IL, Ralph Dewar Gaines, III, Julie D. Pearce, Gaines Wolter & Kinney, Birmingham, AL, for TRW, Inc.

Ernest C. Hornsby, Jr., Morris Haynes & Hornsby, Birmingham, AL, for Christopher M. Holmes.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This cause is before the court on a Motion to Transfer Venue to the Middle Dis-

trict of Georgia, Macon Division, filed by Defendants Arvinmeritor, Inc.; Freightliner, LLC; TRW, Inc.; Penske Truck Leasing Co., L.P. and Rollins Leasing Corp.

The Plaintiff filed a Complaint in this case on December 28, 2001 in the United States District Court for the Middle District of Alabama, and has subsequently filed two Amended Complaints. This court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is apparently no dispute that there is complete diversity among the parties and the amount in controversy exceeds $75,000. The Defendants contend that the court should transfer this case to the Middle District of Georgia in the interests of justice and convenience to the parties and witnesses.

## II. TRANSFER OF VENUE STANDARD

Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interests of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Hutchens v. Bill Heard Chevrolet Co.*, 928 F.Supp. 1089, 1090 (M.D.Ala. 1996); *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir.1993), *cert. denied*, 513 U.S. 814, 115 S.Ct. 69, 130 L.Ed.2d 24 (1994).

## III. FACTS

In October of 2001, Deborah Moore was driving a 2000 Freightliner FLD Model 18 wheeler on behalf of her employer, Highway Transport, Inc. The Plaintiff alleges that Deborah Moore became unable to control the truck and was killed as a result of the one vehicle accident. Suit has been filed by her estate. The Plaintiff seeks to bring claims for products liability on the basis of a defective tie rod end assembly

and negligence based on the design, inspection, testing, maintenance and/or upkeep of the tie rod end assembly.

Deborah Moore was a resident of Alabama at the time of her death and her son, the named Plaintiff in this matter, is a resident of Alabama. The accident resulting in Deborah Moore's death occurred in Georgia. None of the Defendants are incorporated in Georgia nor have their principal place of business in Georgia.

## IV. DISCUSSION

■ Section 1404(a) only applies in cases where the plaintiff's chosen venue is an appropriate venue. The parties do not dispute that the Middle District of Alabama is a proper venue. Second, the action may only be transferred to a venue in which the action could have originally been brought. *See* 28 U.S.C. § 1404(a). It is also apparently undisputed that this action could have originally been brought in the Middle District of Georgia, the venue proposed by the movants.

■ After determining whether the action could have been brought in the transferee district court, the court must decide whether the balance of convenience favors transfer. *Johnston v. Foster–Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D.Ala.1994). Courts generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and (8) trial efficiency. *See Folkes v. Haley*, 64 F.Supp.2d 1152 (M.D.Ala.1999); *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F.Supp. 281, 282 (M.D.Fla.1996).

■ Section 1404(a) analysis recognizes that the plaintiff's selected forum is

presumptively correct, and accordingly, the court affords deference to the plaintiff's selection. The defendant, therefore, bears the burden of demonstrating that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir.1989). Section 1404(a) allows transferring to a more convenient forum, "but not one which is likely to prove·equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The court faced with a motion to transfer must engage in an "individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen*, 376 U.S. at 622, 84 S.Ct. 805). Federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. *See In re Ricoh Corp.*, 870 F.2d at 573; *Hutchens*, 928 F.Supp. at 1090. As some courts have stated, the weight to be given the plaintiff's forum choice is significant and "will not be disturbed unless the other factors weigh substantially in favor of transfer." *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 774 (E.D.Tex. 2000) (citation omitted). Residence in the filing district is not the sole consideration in determining the proper weight to afford the plaintiff's choice. Courts also afford substantial weight to the plaintiff's chosen forum when that forum is connected with the subject matter of the lawsuit. *See Patel v. Howard Johnson Franchise Systems, Inc.*, 928 F.Supp. 1099, 1101 (M.D.Ala.1996); *Johnston*, 158 F.R.D. at 505 ("Where none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action.").

■ In this case, the Defendants argue that the Plaintiff's choice of forum is not entitled to any weight because it is not connected with the subject matter of the lawsuit. The Plaintiff disagrees. The Plaintiff contends that this is a products liability case and as the product was placed in the stream of commerce in Alabama, and the maintenance and repair records are maintained in Alabama, the Plaintiff's choice of forum is connected with the subject matter of the lawsuit. In other·words, the Plaintiff argues that he does not merely predicate the forum choice on his own residence and; therefore, his choice should be given substantial weight.

A federal district court from· another circuit has agreed with a similar argument. *See Dwyer v. General Motors Corp.*, 853 F.Supp. 690 (S.D.N.Y.1994). In *Dwyer*, a man and wife were killed as a result of an automobile accident in Maryland. The plaintiffs filed· suit in a federal district court in New,York against General Motors as a result of this accident alleging negligence, strict liability, and breach of warranty. General Motors is a Delaware corporation with its principal place of business is Michigan. General Motors sought to transfer venue to a federal district court in Maryland. The New York district court agreed that as the accident occurred in Maryland, suit could have been brought there. *Id.* at 692. General Motors argued that the plaintiff's choice of forum ought not be afforded significance as their choice was not the site of the operative facts. *Id.* at 694. The court disagreed, stating that the place where the business decisions relative to the products liability theories of the case were made was the site of the operative facts, not the site of the accident. *Id.* Because the court concluded that the operative facts occurred in Michigan, not Maryland, it found that the Plaintiff's choice of · forum weighed against transfer. *Id.*

The court agrees with this reasoning. While it may very well be that evidence relative to the manner ·in which the acci-

dent occurred will be relevant, especially to defenses raised in the case, the Plaintiff's claims are not based on the conduct of the drivers involved in the accident, or any other facts specific to the accident. Instead, the claims are based on decisions made and attributes of the truck which did not occur in Georgia. In fact, the Plaintiffs maintains that crucial facts, such as maintenance and repair, actually occurred in Alabama. The court must conclude, therefore, that the Plaintiff's choice of forum is due to be afforded significant weight in this case.

█ As to convenience of the parties, the Plaintiff states that Christopher Moore lives only 30 miles away from Opelika, Alabama, but he lives 100 miles away from Macon, Georgia. The Plaintiff argues that this case is a products liability case and the testimony of the Defendants' engineers, executives, and quality control/recall personnel will be crucial to liability issues. The Plaintiff argues that it will not be any more convenient for the Defendants to travel to the Middle District of Georgia than it would be to travel to the Middle District of Alabama. The Plaintiff also states that a company will be held liable under products liability theories when it places a defective and unreasonably dangerous product into the stream of commerce. Therefore, the Plaintiff argues, while the accident which led to Deborah Moore's death occurred in Georgia, the truck was placed into the stream of commerce in Alabama.

The Defendants state that the Plaintiff's testimony will not be relevant to any issue other than damages. They also argue that the Plaintiff's contention that it would be no more convenient for employees of the Defendants to come to Georgia than Alabama does not establish that Alabama is more convenient than Georgia as the Defendants' employees could not be compelled to testify in either forum and will

likely testify by deposition regardless of where the trial is held. The Defendants' argument, however, merely demonstrates that this case is to be distinguished from cases in which a transfer was found to be appropriate where a defendant sought to transfer a case to its home district where its records were located and its corporate and accounting offices are located. *See, e.g., Insuracorp., Inc. v. American Fidelity Assurance Co.,* 914 F.Supp. 504 (M.D.Ala.1996). As the convenience of the Defendants does not weigh in favor of either forum, but the convenience of the Plaintiff weighs in favor of the Plaintiff's chosen forum, the court finds that this factor weighs against transfer.

█ The convenience of witnesses is an important factor to consider. *See Hutchens,* 928 F.Supp. at 1091. A court should consider not just convenience, but also the availability of testimony at trial so that, if, for example, compulsory process would not be necessary, then the fact that the witness is in another jurisdiction may not be as significant. *See Mason v. Smithkline Beecham Clinical Laboratories,* 146 F.Supp.2d 1355 (S.D.Fla.2001). Also, a party seeking a transfer of venue must demonstrate that the witnesses identified are key witnesses. *Id.*

The Defendants have identified several witnesses who have a connection to the accident which resulted in Deborah Moore's death who live in Georgia. These witnesses include eyewitnesses to the accident, law enforcement officers responding the accident, a tow truck operator, emergency medical personnel, and medical examiners. Several witnesses provided affidavits stating that it would be more convenient for them to attend trial in Macon, Georgia than it would be to travel to Montgomery or Opelika, Alabama. The court has also been provided with additional affidavits, however, in which two of these identified witnesses

say they would not object to testifying in Alabama.

The Plaintiff argues that none of the witnesses identified by the Defendants can testify about liability issues such as the design, manufacture, and distribution of the defective tie rod, nor the maintenance and repair of the truck. The Plaintiff also states that some of the witnesses identified by the Defendants in the Motion to Transfer would offer duplicative testimony. The Plaintiff finds it telling that none of the witnesses identified by the Defendants as principal witnesses in the motion to transfer were identified as such in the initial disclosures to the Plaintiff. The Plaintiff also points out that two eyewitnesses to the accident have addresses outside of Georgia, in Indiana and South Carolina.

The Plaintiff contends that there are several witnesses in Alabama who will give relevant testimony including individuals at Deborah Moore's employer who will have knowledge of her driving history and record and who will have knowledge of truck maintenance and recall issues, and the doctor who performed a driver's physical on Deborah Moore. The Plaintiff argues, therefore, that the convenience of witnesses does not weigh in favor of a transfer of venue. The Plaintiff provides an affidavit from the Safety Director for Highway Transport, Inc., Deborah Moore's employer, who states that it would be more convenient for him to testify in Alabama.

From the submissions made to the court, it appears that there will be non-party witnesses who will be inconvenienced if the case is tried in either forum. If this case were solely about the facts of the actual vehicular accident, the court might be persuaded that the inconvenience of the witnesses in Georgia militates in favor of a transfer. In this case, however, the actual facts of the accident are apparently relevant only to the extent that they undermine the Plaintiff's products liability claims. "[T]heir testimony does not appear to be so central to the case that it could not be fairly presented through depositions." *Mason*, 146 F.Supp.2d at 1362. The affidavit of the Safety Director of Deborah Moore's employer also establishes that the lease, maintenance, and repair records for the truck driven by Deborah Moore are located in Alabama, and that the mechanics performing repair work are in Alabama. *See* Affidavit of Norman Rogers. As the Safety Director, other employees of Highway Transport, Inc., and the physician who administered Deborah Moore's driver's physical are witnesses who are located in Alabama, the court concludes that the convenience of non-party witnesses does not substantially weigh in favor of a transfer. *See Dwyer*, 853 F.Supp. at 694.

Similarly, the court agrees with the Plaintiff's contention that the location of relevant documents militates against a transfer of this case.

The court has been presented with no specific argument or evidence relevant to the financial ability to bear the cost of the change of venue. To the extent that this factor applies, it would appear to weigh against transferring the case. *See id.* (a transfer would increase the plaintiffs', who are individuals, financial burden and thus this factor weighed against transfer).

■■ The Defendants and the Plaintiff are in agreement that Georgia law will apply in this case. The Defendants contend, therefore, that this factor weighs in favor of a transfer of venue. The Plaintiff responds that this factor ought not weigh in favor of a transfer as the Georgia law to be applied is not complex or unsettled.

Generally, this court agrees that it is appropriate to have the trial of a diversity case in the forum which provides the law of decision, rather than in another forum which will have to apply foreign law. *See*

*Hutchens,* 928 F.Supp. at 1091. This court is capable of applying Georgia law, however, and has not been pointed to any aspect of Georgia law applicable in this case which will be particularly complex. Where no complex questions of foreign law are presented, courts consider this factor to be of less importance. *See Dwyer,* 853 F.Supp. at 694. Accordingly, the court cannot conclude that this factor is significant enough to justify transfer in this case.

In considering the factors of trial efficiency and the interests of justice, as the court has not been presented with any argument or evidence that either forum would be more efficient, the court finds that this factor does not weigh either in favor of or against a transfer.

## V. CONCLUSION

For the reasons stated above, the court concludes that the Motion to Transfer Venue (Doc. # 55) is due to be and is hereby ORDERED DENIED.

The parties shall bear their own costs incurred in connection with this Motion.