**Patrick L. HUTCHENS, Plaintiff,**

v.

**BILL HEARD CHEVROLET COMPANY, Defendant.**

**Civil Action No. 96–D–214–E.**

United States District Court,
M.D. Alabama,
Northern Division.

March 25, 1996.

---

Michael Stephen Harper, Schmitt & Harper, Tallassee, AL, for plaintiff.

James R. McKoon, Jr., Phenix City, AL, C. Morris Mullin, Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, GA, for defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is now before the court on the defendant's motion, filed February 29, 1996, to transfer venue to the Middle District of Georgia, Columbus Division. The court ordered the plaintiff to show cause no later than March 15, 1996 why the defendant's motion should not be granted. The plaintiff responded in opposition on March 20, 1996. For good cause shown, the court finds that the defendant's motion to transfer venue to the Middle District of Georgia, Columbus Division, is due to be granted.

### PROCEDURAL HISTORY AND FACTS

Plaintiff Patrick Hutchens ("Mr. Hutchens") brings this action against defendant Bill Heard Chevrolet Company ("Heard Chevrolet") alleging that Heard Chevrolet fraudulently induced him to buy an automobile that had been previously damaged. The alleged fraudulent transaction took place at the Heard Chevrolet dealership in Columbus,

Georgia. Sparky Allen's Aff. at 1. Although at the time of purchase Mr. Hutchens resided in Alabama, he now resides in North Carolina. Pl.'s Compl. at 2.[1] It is undisputed that because the alleged fraud took place in the state of Georgia, the substantive law of Georgia applies to the instant action.

On January 8, 1995, Mr. Hutchens filed the instant action in the Circuit Court of Russell County, Alabama, alleging that Heard Chevrolet fraudulently induced him into buying the automobile. Heard Chevrolet subsequently removed the action to this court on February 8, 1996. Thereafter, Heard Chevrolet filed this motion to transfer venue.

### DISCUSSION

28 U.S.C. § 1404(a) allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and the interests of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Prather v. Raymond Constr. Co.,* 570 F.Supp. 278, 284 (N.D.Ga.1983); *see also Ross v. Buckeye Cellulose Corp.* 980 F.2d 648, 654 (11th Cir. 1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 69, 130 L.Ed.2d 24 (1994).

Under normal circumstances, federal courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which he or she resides. *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989). The court faced with a motion to transfer must engage in "an individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). A district court may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive.' " *Howell v. Tanner,* 650 F.2d

---

1. Though unsubstantiated, Mr. Hutchens contends that he is a permanent resident of Russell County, Alabama.

610, 616 (5th Cir.1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). More importantly to this case:

> where the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, "to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor."

*Prather v. Raymond Constr. Co.*, 570 F.Supp. 278, 284 (N.D.Ga.1983) (quoting *Burroughs Wellcome Co. v. Giant Food, Inc.* 392 F.Supp. 761, 763 (D.Del.1975)).

■ Mr. Hutchens chose Russell County, Alabama as the appropriate forum for his action. The court notes that the Russell County courthouse is approximately one mile from the federal courthouse in Columbus. The present forum, on the other hand, is the federal courthouse in Opelika which is nearly thirty miles from the Russell County courthouse. Furthermore, the federal courthouse in Montgomery, where all pretrial matters are scheduled to take place, is approximately fifty miles from the Russell County courthouse. Therefore, the court finds that the federal courthouse in Columbus, Georgia, is the federal forum that would most appropriately parallel Mr. Hutchens original choice of forum.

Moreover, the transaction giving rise to Mr. Hutchen's claims for fraud occurred in Columbus, Georgia, because the automobile in question was negotiated for and purchased at the Heard Chevrolet dealership in Columbus, Georgia. In addition, there is no dispute that Mr. Hutchens currently lives in North Carolina and that Heard Chevrolet's principal place of business is in the Middle District of Georgia. Thus, the court finds that the present forum is neither presently connected with the parties nor the subject matter of this action.

The court believes it also important to mention that the most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses. *Hupp v. Siroflex of America, Inc.*, 848 F.Supp. 744, 749 (S.D.Tex.1994). In the instant action, the principal witnesses reside in Columbus, Georgia, and any record or other physical evidence that would be involved in the litigation is also located in Columbus. Based on these facts, there is no question that the convenience of the witnesses favors transfer of this action to Georgia. *See Ross*, 980 F.2d at 654–55 (holding that in an employment discrimination action, the court properly transferred a case to the venue in which the employer's plant, employment records, and probable witnesses were located); *Intergraph Corp. v. Stottler, Stagg & Assocs., Inc.*, 595 F.Supp. 976 (N.D.Ala.1984).

Finally, there is no dispute that Georgia law governs this case. As such, the court recognizes that "there is an appropriateness ... in having the trial of a diversity case in a forum that is at home with the state law that must govern the case rather than having a court in some other forum untangle problems in conflicts of laws and in law foreign to itself." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *see also Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns*, 689 F.2d 982, 991 (11th Cir.1982). The court is persuaded that as a practical matter, a district court located in Georgia and routinely applying Georgia law can more appropriately apply such law than a district court located in another state.

In light of the fact that most of the documents and material witnesses are located in Columbus, Georgia, and that Georgia law governs this case, the plaintiff's "choice of forum is outweighed by the public interest in assuring that 'localized controversies are decided at home.'" *Prather*, 570 F.Supp. at 284 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). In fact, as mentioned above, the federal courthouse in Columbus is much closer to the plaintiff's original choice of forum than is the federal courthouse in Opelika. Thus, based on the foregoing, the court finds that the interests of justice and the convenience of the parties require that this case be transferred to the Middle District of Georgia, Columbus Division. *See Ross*, 980 F.2d at 654–55.

## CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that the defendant's motion to transfer be and the same is hereby GRANTED to the extent that this cause is transferred to the United States District Court for the Middle District of Georgia, Columbus Division.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate said transfer.