LASALLE BANK N.A., f/k/a Lasalle National Bank, as Plaintiff for the Registered Holders of Asset Securitization, Corporation Commercial Mortgage Pass–Through Certificates, Series 1996–D2, Plaintiff,

v.

MOBILE HOTEL PROPERTIES, LLC, f/k/a/ Columbus Mobile Hotel Properties LLC, et al., Defendants.

No. CIV.A.03–0114–CG–L.

United States District Court,
S.D. Alabama,
Southern Division.

Aug. 1, 2003.

Michael Edwin Gabel, T. Julian Motes, Melissa Marie Lindquist–King, Sirote & Permutt, P.C., Mobile, AL, for Plaintiff.

Lawrence B. Voit, W. Alexander Gray, Jr., Silver, Voit & Thompson, PC, Mobile, AL, for Defendants.

## ORDER

GRANADE, Chief Judge.

This matter is before the court on the motion of defendants Mobile Hotel Properties, LLC ("Mobile Hotel"), CHP Mobile

Hotel Properties, Inc. ("CHP"), Columbus Hotel Beverage Company, Inc. ("Columbus Beverage"), and Columbus Hotel Properties, LLC ("Columbus Hotel") to dismiss or, in the alternative, to strike and to transfer venue (Doc. 4), plaintiff's opposition thereto (Docs. 12 & 13), and defendants' reply (Doc. 15). Defendants seek dismissal of CHP and Columbus Beverage from this action pursuant to Rule 12(b)(6), dismissal of Columbus Hotel for lack of in personam jurisdiction pursuant to Rule 12(b)(2), dismissal of this entire action for improper venue pursuant to Rule 12(b)(3) or transfer of the case to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1406(a), or in the alternative, that the amended complaint be stricken pursuant to Rule 15(a) and venue be transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). The court finds that plaintiff is no longer asserting any claims against CHP or Columbus Beverage and therefore that they are due to be dismissed from this action. The court also finds that this court lacks in personam jurisdiction over Columbus Hotel and, thus, Columbus Hotel is due to be dismissed from this action. Finally, the court finds that venue is proper in this district, but that the action is due to be transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a) for the convenience of the witnesses and parties.

### FACTS

Plaintiff LaSalle is a banking corporation organized and existing under the laws of Illinois. Plaintiff presently holds a mortgage note in the original principal amount of $7,700,000.00 made payable originally by Mobile Inn Associates, L.P., a Virginia limited partnership, to Nomura Asset Capital Corporation, a Delaware corporation. The original note was secured by real property located in Mobile, Alabama. The note, mortgage and encumbered property were assigned or transferred to defendant Mobile Hotel. Defendant Columbus Hotel is a Louisiana limited liability company which guaranteed obligations of Mobile Hotel to plaintiff. Columbus Hotel is also the sole member of Mobile Hotel. Columbus Hotel reportedly includes Mobile Hotel's financial information on its own tax return.

The guaranty provides that "concurrently herewith, Mobile [Inn Associates, L.P.] is transferring the Property to [Mobile Hotel Properties, L.L.C.], a Louisiana limited liability company ('Borrower')" and that "Lender is not willing to consent to the transfer of the Property from Mobile [Inn Associates, L.P.] to Borrower, and the assignment and assumption contemplated under the Consent, unless Guarantor unconditionally guarantees payment and performance to Lender of the 'Guaranteed Obligations' (as hereinafter defined)." Defendant Mobile Hotel is a Louisiana limited liability company originally formed for the purpose of acquiring, owning, operating and managing a hotel located in Mobile, Alabama.

On March 8, 2002, Mobile Hotel filed for protection under Chapter 11 of the Bankruptcy Code. Columbus Hotel paid the attorney's fees associated with the bankruptcy. Mobile Hotel's bankruptcy case was dismissed on August 6, 2002. Following dismissal of the bankruptcy case, a nonjudicial foreclosure sale was conducted on the real estate encumbered by the mortgage to plaintiff.

The guaranty provides that the guarantor shall be liable for the full amount of the loan and all obligations of borrower to lender under the loan documents in the event that borrower "fails to maintain its status as a single purpose entity, each as required by, and in accordance with, the Mortgage." Plaintiff alleges that Mobile Hotel failed to maintain its status as a single purpose entity by amending its arti-

cles of organization to state as its purpose "any lawful activity for which limited liability companies may be formed under the Act." Plaintiff claims Mobile Hotel also violated this provision by incurring additional debt, in favor of the guarantor, in an amount in excess of $3.6 million, without plaintiff's consent and in violation of the mortgage. Plaintiff also alleges that guarantor has violated the guaranty agreement by refusing and failing to pay the debt which is due, by failing to provide financial information, and by misapplying and/or converting rents following default. Plaintiff also asserts that Columbus Hotel is liable as the guarantor for the obligations or liabilities of Mobile Hotel or Columbus Hotel in connection with the loan or Mobile Hotel's gross negligence or willful misconduct.

The guaranty states that it "shall be governed by and construed in accordance with the laws of the State in which the real property encumbered by the Mortgage is located and the applicable laws of the United States of America." The guaranty also states that "Guarantor is the owner of a direct or indirect interest in Borrower, and Guarantor will directly benefit from Lender's making the loan to Borrower."

## ANALYSIS

### I. Dismissal of CHP and Columbus Beverage

■ Defendants have moved for the dismissal of CHP and Columbus Beverage. The original complaint contained causes of action for temporary restraining orders, preliminary injunction and for appointment of receiver, naming CHP and Columbus Beverage, among others, as defendants. Such relief was granted by the Circuit Court on August 19, 2002. The amended complaint contains no allegations concerning CHP or Columbus Beverage and seeks no relief against them. The amended complaint does not even list CHP

or Columbus Beverage as defendants. Therefore, the court finds it appropriate to dismiss CHP and Columbus Beverage from this action.

### II. Personal Jurisdiction Over Columbus Hotel

■ In the context of a motion to dismiss in which no evidentiary hearing is held, a plaintiff need establish only a *prima facie* case of jurisdiction. *Huey v. Am. Truetzschler Corp.*, 47 F.Supp.2d 1342, 1344 (M.D.Ala.1999) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990)). "The court, in considering the motion, must take all allegations of the complaint that the defendant does not contest as true, and, where the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

■ When a defendant challenges personal jurisdiction, the plaintiff has the twin burdens of establishing that personal jurisdiction over the defendant comports with (1) the forum state's long-arm provision and (2) the requirements of the due-process clause of the Fourteenth Amendment to the United States Constitution. *See Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir.1992), *cert. denied*, 507 U.S. 983, 113 S.Ct. 1577, 123 L.Ed.2d 145 (1993). Because Alabama's long-arm provision, ALA. R. CIV. P. 4.2(a), authorizes the assertion of personal jurisdiction to the limits of the United States Constitution, a plaintiff may carry both burdens by demonstrating that personal jurisdiction over the defendant meets the requirements of federal due process. *Id.* Due process requires, first, that the defendant have "certain *minimum contacts*" with the forum state and, second, that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Burnham v. Superior*

*Court of California, County of Marin,* 495
U.S. 604, 618, 110 S.Ct. 2105, 109 L.Ed.2d
631 (1990) (quoting *International Shoe Co.
v. State of Washington, Office of Unem-
ployment Compensation and Placement,*
326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95
(1945)).

### A. Minimum Contacts

 The Due Process Clause protects
one's liberty interests by shielding the in-
dividual from binding judgments in a fo-
rum with which he has established no
meaningful contacts, ties or relations. The
nature and quality of the contacts varies
depending on whether the type of jurisdic-
tion being asserted is general or specific.
*Consol. Dev. Corp. v. Sherritt, Inc.,* 216
F.3d 1286, 1291 (11th Cir.2000). General
jurisdiction exists whenever the defen-
dant's connection with the forum state is
"continuous and systematic"-there need be
no nexus between the forum and the litiga-
tion. *Helicopteros Nacionales de Colom-
bia v. Hall,* 466 U.S. 408, 416, 104 S.Ct.
1868, 80 L.Ed.2d 404 (1984). On the other
hand, a court can assert specific jurisdic-
tion over a person with a more attenuated
connection to the forum when there is a
sufficient nexus between the forum and the
matter at issue. *Id.* at 414, n. 8, 104 S.Ct.
1868.

 It is clear from the facts submit-
ted that the court does not have general
jurisdiction over Columbus Hotel. Colum-
bus Hotel does not have a continuous and
systematic connection with Alabama. For
specific jurisdiction to apply, "[t]he nonres-
ident defendant's contacts with the forum
must be such that he has 'fair warning'
that a particular activity may subject him
to the jurisdiction of a foreign sovereign.
A person has fair warning if he 'purpose-
fully directs' his activities at the forum,
and claims of injury result from these ac-
tivities". *Ruiz de Molina v. Merritt &
Furman Insurance Agency, Inc.,* 207 F.3d

1351, 1355 (11th Cir.2000) (citing *Burger
King Corp. v. Rudzewicz* 471 U.S. 462, 472,
105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). To
constitute minimum contacts for purposes
of specific jurisdiction, a defendant's con-
tacts with the applicable forum must satis-
fy three criteria: first, the contacts must
be related to the plaintiff's cause of action
or have given rise to it; second, the con-
tacts must involve some act by which the
defendant purposefully avails itself of the
privilege of conducting activities within the
forum, thus invoking the benefits and pro-
tections of its laws; and third, the contacts
must be such that the defendant should
reasonably anticipate being haled into
court in the forum. *See Vermeulen v.
Renault, U.S.A., Inc.,* 985 F.2d 1534, 1546
(11th Cir.1993), *cert. denied,* 508 U.S. 907,
113 S.Ct. 2334, 124 L.Ed.2d 246 (1993).
The court finds that plaintiff has not met
its burden of establishing that Columbus
Hotel's contacts with Alabama satisfy
these three criteria.

The court notes that "a court is required
to make an independent factual assess-
ment of a defendant's contacts with the
forum when deciding whether it possesses
jurisdiction over that defendant." *Mellon
Bank (East) PSFS, National Assoc. v.
Farino,* 960 F.2d 1217, 1224 (3rd Cir.1992).
"Each case must be judged on its particu-
lar facts." *Id.* (citing *Burger King,* 471
U.S. at 485, 105 S.Ct. 2174) *see also Kulko
v. California Superior Court,* 436 U.S. 84,
92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)
("[T]he *International Shoe* 'minimum con-
tacts' test is not susceptible to mechanical
application; rather, the facts of each case
must be weighed to determine whether the
requisite 'affiliating circumstances' are
present." (citations omitted)). Moreover,
plaintiff has cited no case that is analogous
to this case.

Most of the cases cited by plaintiff in-
volve a guarantor who has guaranteed an

obligation to a company in the forum state, a fact which some courts have found does not supply the requisite minimum contacts. *See Arkansas Rice Growers Co-op. Ass'n v. Alchemy Industries, Inc.,* 797 F.2d 565, 573 (8th Cir.1986) ("The mere fact that the individual defendants guaranteed an obligation to an Arkansas corporation does not subject the guarantors to jurisdiction in Arkansas."); *Bond Leather Co. v. Q.T. Shoe Mfg. Co.,* 764 F.2d 928, 934 (1st Cir. 1985) (holding that the creditor failed "to identify any contract rights created by the guaranty in [the guarantor] which could have been enforced in the Massachusetts courts and which could fairly be said to represent an intent by [the guarantor] to reap the benefits of Massachusetts law."); *F.D.I.C. v. Hiatt,* 117 N.M. 461, 465, 872 P.2d 879, 883 (1994) (holding that "nonresident guarantors do not purposefully avail themselves of the benefits and protections of the laws of the forum state merely by executing a guarantee of an obligation of a resident debtor in connection with a local project in favor of a resident creditor"); *United Fed. Sav. Bank v. McLean,* 694 F.Supp. 529, 535 (C.D.Ill.1988) (holding that being a guarantor along with making payments in forum state is an insufficient basis to invoke personal jurisdiction); *Reverse Vending Assoc. v. Tomra Systems US, Inc.,* 655 F.Supp. 1122, 1127 (E.D.Pa. 1987) (holding that "a non-resident defendant's contract, in this case a guaranty, with a Pennsylvania business entity alone cannot automatically establish sufficient minimum contacts."); *Northern Trust Co. v. Randolph C. Dillon, Inc.,* 558 F.Supp. 1118, 1123 (N.D.Ill.1983) (holding there was no personal jurisdiction over nonresident guarantor of equipment lease although payments were made to Illinois bank, the guaranty was accepted in Illinois, and it provided that it would be governed by Illinois law). In this case, the guaranty agreement is not between a nonresident and a resident company, but between two non-resident companies. Columbus Hotel's status as 100% owner of Mobile Hotel does not defeat the separateness of the two companies, and Columbus Hotel does not have sufficient other contacts with Alabama to constitute minimum contacts.

Plaintiff cites *Andalusia Distributing Co., Inc. v. Singer Hardware Co., Inc.,* 822 So.2d 1180 (Ala.2001) for the proposition that the close relationship between Columbus Hotel and the borrower gives the court personal jurisdiction over Columbus Hotel. It is undisputed that the court has personal jurisdiction over the borrower, Mobile Hotel. Mobile Hotel is a limited liability company which owned and operated a hotel in Mobile, Alabama. It was that hotel that secured the loan guaranteed by Columbus Hotel. In *Singer Hardware,* the court held that both Singer Hardware and its owner, Sam Singer, Jr. had sufficient contacts with Alabama. The court found that the distinguishing factors in that case were that Singer Hardware was involved in an ongoing business transaction with the plaintiff, an Alabama company, and that there was a close relationship between Singer Hardware and Sam Singer, Jr. However, unlike the guarantor in the instant case, Sam Singer played an active role in the transactions between Singer Hardware and the Alabama company. Sam Singer was not merely a shareholder of the company involved, but was president of the company. Plaintiff asserts that the court specifically found that whether Sam Singer initiated contact with the Alabama company was "not controlling." However, the court did not state that Sam Singer's contacts with the Alabama company and his involvement with the Alabama transaction was immaterial, but merely that whether or not he *initiated* the first contact between Singer Hardware and the Alabama company was not controlling.

Plaintiff also cites *Keelean v. Central Bank of the South,* 544 So.2d 153 (Ala. 1989) (overruled on unrelated grounds), as support. In *Keelean,* nonresident guarantors signed guaranties outside of Alabama for a loan from an Alabama bank. The court concluded that the signing of the guaranties was sufficient contact to give Alabama *in personam* jurisdiction over the guarantors. *Id.* at 158. The court, quoting *Burger King,* stated that the guarantors had "fair warning" that they may be subject to jurisdiction in the foreign state because they purposefully directed their activities at residents of the forum. *Id.* (citations omitted). However, unlike the bank in the instant case, the bank to which the *Keelean* defendant guaranteed payment was an Alabama bank. "It is quite foreseeable that upon the default of that loan [the *Keelean* guarantors] would be held accountable on their guaranty contracts in the State of Alabama." *Id.* at 157. The basis on which the *Keelean* guarantors were being sued is that they had agreed to make payments to an Alabama company. In the instant case, Columbus Hotel, by signing the guarantee, agreed to make payment to an Illinois company. Plaintiff asserts that Columbus Hotel should have foreseen the effects of its guaranty in Alabama in the event of a default. However, Columbus Hotel is not required by its guaranty to do anything in Alabama upon default.

Plaintiff, citing *Alabama Waterproofing Co., Inc. v. Hanby,* 431 So.2d 141 (Ala 1983) and *Millette v. O'Neal Steel,* 613 So.2d 1225 (Ala.1992), asserts that personal jurisdiction exists because the guaranty is a "significant aspect" of the underlying transaction. *Alabama Waterproofing* found that "[i]rrespective of the singular fact that the nonresident appellants actually signed the guaranty in Mississippi, the Court is of the opinion that the trial court could have found that the guaranty signed by each appellant was a significant aspect of the negotiations which occurred in Alabama and that it was foreseeable that appellants' transaction would have consequences in this state." *Alabama Waterproofing,* 431 So.2d at 145 (citations omitted). The court further stated that "based on the facts as presented, it is quite evident that the trial court could have found that the nonresident appellants had good reason to expect to be sued in an Alabama court in the event Alabama Waterproofing failed to fulfill its obligations to appellees." *Id.* at 145–46. However, here again, unlike the case at hand, the guaranty agreements constituted agreements between the guarantors and an Alabama company. The court held that "although the nonresident appellants signed the guaranty in Mississippi, nevertheless, the guaranty was negotiated in Alabama, the guaranty guaranteed the performance of an Alabama corporation, and the trial court's findings that it was reasonably foreseeable that if the guarantors breached their agreement they could anticipate being haled into an Alabama court are supported by the record on appeal." *Id.* at 146. Where, as here, the guaranty is between two nonresident companies and the property located in Alabama has been foreclosed upon, the guarantors can hardly anticipate being haled into court in Alabama.

Similarly, the *Millette* guarantors guaranteed debts owed to a corporation which had its headquarters and principal place of business in Alabama. *Millette,* 613 So.2d at 1227. The *Millette* Court found that it was foreseeable that they would be haled into court because the credit office from which the line of credit and modifications to the guaranty were approved is located in Alabama and because the guarantors knew they were guaranteeing debts owed to a corporation located in Alabama. *Id.* The *Millette* case is clearly distinguishable from the instant case.

The *Perry* case cited by plaintiff also involves a guaranty executed in favor of a company in the forum state. *Perry v. Central Bank & Trust Co.,* 812 S.W.2d 166 (Ky.Ct.App.1991). This Kentucky case appears to place much significance on the fact that without the guaranty the underlying loan to Kentucky residents to purchase a restaurant in Kentucky would not have occurred. However, the court also states that the guarantor knew he would be looked to for payment if the business venture failed. This fact is strong evidence that the guarantor will be haled into court in the state where the bank resides. By agreeing to pay the resident bank upon default, defendant purposefully availed itself of the privilege of conducting activities within Kentucky. That is not analogous to the situation in the instant case, where the bank is not located in the forum state.

Plaintiff also cites *Drennen v. First Home Savings Bank,* 204 Ga.App. 714, 420 S.E.2d 376 (1992), as support. *Drennen* is a Georgia case and is factually distinguishable because the individual guarantors had many more direct contacts with the forum state and the underlying Georgia transaction. In *Drennen,* Alabama residents individually guaranteed an Alabama corporation's note for the construction of a motel in Georgia. *Id.* at 377. Drennen traveled to Georgia to purchase the property on which the motel was to be built, and the corporation was then formed to purchase the property from Drennen, with all of the guarantors, including Drennen, being shareholders and three of them officers. *Id.* The first corporate shareholders' meeting was held in Georgia, and some of the guarantors visited the Georgia project during construction. *Id.* All of the guarantors traveled to the motel on various occasions in connection with their motel management and oversight responsibilities. *Id.* Unlike the *Drennen* guarantors, Columbus Hotel is not an individual that traveled to the forum state for the purpose of personally taking part in the underlying transaction.

 Columbus Hotel is the parent company or owner of the company that entered into the underlying transaction. Plaintiff has not alleged sufficient facts for the court to find that Mobile Hotel is the alter ego of Columbus Hotel and effectively pierce the corporate veil and find Columbus Hotel responsible for the contacts of its subsidiary. *See Outokumpu Engineering Enterprises v. Kvaerner EnviroPower, Inc.,* 685 A.2d 724, 729–30 (1996) (finding facts insufficient to support alter ego or agency theory as a basis for personal jurisdiction over parent company). The court also finds that Columbus Hotel does not have sufficient contacts with the state merely by owning and controlling Mobile Hotel and guaranteeing its performance. *See Id.* at 728 (finding that guaranteeing performance of a Delaware subsidiary did not in and of itself bring the parent company under Delaware's jurisdiction where the act of forming the subsidiary was not itself part of the breach and the suit did not depend on Delaware corporate law for its very existence). Plaintiff has not met its burden of showing that Columbus Hotel has sufficient contacts with Alabama for this court to exercise personal jurisdiction over it.

### B. Fair Play and Substantial Justice

Since the court has found that Columbus Hotel does not have sufficient minimum contacts with Alabama, there is no need to analyze the issue of fair play and substantial justice, as both are required for the exercise of personal jurisdiction over defendant. Moreover, the court finds that it would offend "traditional notions of fair play and substantial justice" to exercise personal jurisdiction over a defendant that does not have minimum contacts with the forum state. Thus, the court concludes

that defendants' motion to dismiss Columbus Hotel for lack of personal jurisdiction is due to be GRANTED.

### III. Proper Venue

■■■ Pursuant to 28 U.S.C. § 1391(a), in a diversity case, venue is proper in:
(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Paragraph (1) can be used to support venue because Mobile Hotel, as the only remaining defendant,[1] is a resident of Alabama. Pursuant to 28 U.S.C. § 1391(c), "... a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." There is no dispute over the fact that this court has in personam jurisdiction over Mobile Hotel. Thus, venue is proper in this district.

### IV. Forum Non Conveniens

■■■ Whether to transfer a case to another district is a matter within the discretion of the court. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). The federal change of venue statute provides that the court may transfer a case to another district in which it might have been brought in the interest of justice or for the

convenience of the parties or witnesses. 28 U.S.C. § 1404(a). A motion to transfer under § 1404(a) thus calls on the district court to make an individualized, case-by-case determination based on principles of fairness and convenience. *Stewart Org., Inc.,* 487 U.S. at 29, 108 S.Ct. at 2244. Resolution of a Section 1404 motion involves a two-step analysis. First the court must "determine whether the action could originally have been brought in the proposed transferee district court", *Folkes v. Haley,* 64 F.Supp.2d 1152, 1155 (M.D.Ala. 1999), and then the court must determine whether "for the convenience of the parties or witnesses [and] in the interest of justice" *Id.* the action should be transferred.

Defendants seek transfer to the U.S. District Court for the Eastern District of Louisiana. All of the defendants reside in Louisiana. Thus, under 28 U.S.C. § 1391(a)(1) venue would be proper in the Eastern District of Louisiana.

Next, the court must decide whether the balance of justice and convenience favors transfer. *See Holmes v. Freightliner, LLC,* 237 F.Supp.2d 690, 692 (M.D.Ala. 2002). "Courts generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency." *Id.* (citations omitted). Courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which it resides. *Hutchens v. Bill Heard Chevrolet Co.,* 928 F.Supp. 1089, 1090 (M.D.Ala.1996). However, in cases such as

---

1. "[A] district court is not required to confine its venue consideration as to the facts as they existed at the time of the complaint." *Cordis Corp. v. Siemens–Pacesetter, Inc.,* 682 F.Supp.

1200, 1201 (S.D.Fla.,1987) (citing *In Re Fine Paper Antitrust Litigation,* 685 F.2d 810 (3d Cir.1982)).

this, where the forum selected "is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor." *Id.* at 1091 (citations and internal quotations omitted). The most important factor is the convenience of the witnesses. *Id.* This suit is brought by an Illinois plaintiff suing Louisiana defendants. The Alabama property related to the action has been foreclosed upon and is not the basis for any of plaintiff's claims. Although the loan documents specify that the law of the state of Alabama will govern, there does not appear to be a complicated or unique aspect of law that is involved in the case. The issues involved simply require the interpretation of the language of the note and guaranty and a determination of whether defendant's actions or omissions breached those agreements. Trying the case in Louisiana would be more convenient for the defendant and the defendant's potential witnesses. The actions or omissions from which plaintiff's claims arise occurred in Louisiana and the defendant and its representatives and records reside in Louisiana. Some of the potential witnesses no longer work for defendant and could only be subpoenaed for trial in New Orleans. Plaintiff does not reside in Alabama and has not asserted that it expects to call witnesses from Alabama. Viewing all of the circumstances of this case, the court finds that the convenience of the parties and witnesses weighs strongly in favor of venue being transferred to the Eastern District of Louisiana.

## CONCLUSION

Upon consideration and for the foregoing reasons, the defendants' motion to dismiss or in the alternative, to strike and to transfer venue is **GRANTED** as follows:

(1) **CHP Mobile Hotel Properties, Inc.** and **Columbus Hotel Beverage Company, Inc.** are hereby **DISMISSED** from this action;

(2) **Columbus Hotel Properties, LLC** is hereby **DISMISSED** from this action for lack of in personam jurisdiction; and

(3) this action is hereby **TRANSFERRED** to the **Eastern District of Louisiana** pursuant to 28 U.S.C. § 1404(a).